578 F.2d 1369
 99 L.R.R.M. (BNA) 3072, 85 Lab.Cas. P 11,007
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
National Labor Relations Board, Petitioner
v.
Desco Vitro-Glaze of Schenectady, Inc., et al., Respondents.
 No. 77-4200.
 United States Court of Appeals, Second Circuit.
 March 27, 1978.
 
 Before KAUFMAN, Chief Judge, SMITH, MESKILL, Circuit Judges.
 KAUFMAN, CH. J.
 This case came on to be heard upon an application of the National Labor Relations Board for enforcement of a certain order issued by it against Respondent Employer, Desco Vitro-Glaze of Schenectady, Inc., and Locals 6 and 16, Bricklayers, Masons, Plasterers, Marble, Tile and Terrazzo Workers, and was argued by counsel.
 On consideration whereof, it is now hereby ordered, adjudged and decreed that the order of the National Labor Relations Board be and it hereby is enforced.
 (1) The Board's findings that the Company violated Sec. 8(a)(1) of the National Labor Relations Act by interrogating, threatening and soliciting its employees to withdraw their membership from Local 59 is supported by substantial evidence. Company owner, Joseph Cordi, and Supervisor Kenneth King, by suggesting that the Company would no longer employ "helpers" caused eight helpers to switch their allegiance from Local 59 to Locals 6 and 16. Moreover, Cordi and King impliedly urged two helpers, J.C. Hamilton and John Sitiriou, to demand the return of their initiation fee deposit from Local 59.
 
 
 1
 (2) The Board's finding that the Company violated Sec. 8(a)(2) and (1) of the National Labor Relations Act by soliciting its employees to join Locals 6 and 16 and by recognizing those Unions as the collective bargaining representatives of the helpers is supported by substantial evidence. Cordi and King impermissibly assisted Locals 6 and 16 by arranging "sign up" meetings, by participating in the selection of the union to which each employee would be assigned, and by lending money to two employees. See NLRB v. Midtown Service Corp., 425 F.2d 665, 670 (2d Cir.1970).
 
 
 2
 (3) The Board's finding that the Company violated Sec. 8(a)(3) and (1) of the National Labor Relations Act by unlawfully applying union security provisions of Locals 6 and 16 contracts to the helpers is supported by substantial evidence. See NLRB v. Venitron Electric Components, 548 F.2d 24 (1st Cir.1977).
 
 
 3
 (4) The Board's finding that the Company violated Sec. 8(a)(5) and (1) of the Act by withdrawing recognition from Local 59, and unilaterally discontinuing its monthly contributions on behalf of its helpers is supported by substantial evidence. Local 59 had been the exclusive representative of the Company's helpers for about 20 years. While the Company did not execute a contract with Local 59 or belong to a multi-employer association which contracted with the Local, the Company did accede to the terms of a contract negotiated between the Local and a contractors' association. This conduct constituted voluntary recognition of the union. NLRB v. Bradford Dyeing Association, 310 U.S. 318 (1940). Contrary to the Company's assertions, it had no existing contract allegiances to NADAF. Accordingly, the bargaining relationship with Local 59 could not have been broken off at will. NLRB v. Broad Street Hospital, 452 F.2d 302, 304-5 (3d Cir.1971).
 
 
 4
 (5) The Board's finding that Locals 6 and 16 violated Sec. 8(b)(1)(A) and (2) of the Act by accepting the unilateral assistance of the Company in organizing the helpers is supported by substantial evidence. The Unions, through their business agents, attended the meetings called and monitored by the Company, accepted the employee's fees, and welcomed the Company's assistance. This conduct established a violation of Act, even if the Union was unaware that the Company was obligated to continue its recognition of Local 59. See International Ladies Garment Workers Union v. NLRB, 366 U.S. 713, 738-9 (1961).